IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| S.T.,[1] § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:24-CV-2371-BR | |
| § | | |
| § | | |
| COMMISSIONER, SOCIAL SECURITY § | | |
| ADMINISTRATION, § | | |
| § | | |
| Defendant. § | | |

# MEMORANDUM OPINION AND ORDER
# VACATING THE DECISION OF THE COMMISSIONER

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of a decision by the Commissioner of Social Security ("Commissioner"), who denied Plaintiff's application for disability insurance benefits under Title II of the Social Security Act for lack of disability. (ECF 1). Before the Court is the Administrative Record, (ECF 8), Plaintiff's Brief, (ECF 11), the Commissioner's Response, (ECF 13), and Plaintiff's Reply, (ECF 14). After considering the filings of the parties and applicable law, the Court VACATES the Commissioner's decision.

## I.   BACKGROUND

On May 18, 2021, Plaintiff filed a claim for a period of disability and disability insurance benefits. (ECF 1 at 2, 8-1 at 19). Plaintiff's application was initially denied on February 16, 2022, and was denied upon reconsideration on November 21, 2022. (ECF 8-1 at 19). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held in-person on December

---

[1] It is the undersigned's practice to identify the plaintiff using only the first and last initial in filings in social security disability cases. This ensures that the public maintains access to the opinions (in compliance with Rule 5.2(c)(2)(B) of the Federal Rules of Civil Procedure and the E-Government Act of 2002) while still protecting the privacy of non-government parties' identities within the opinion.

1

14, 2023. (*Id.*). On February 1, 2024, the ALJ issued a decision denying Plaintiff's claim. (*Id.* at 34). Plaintiff requested review of the ALJ's decision by the Social Security Appeals Council, and that request was denied on July 16, 2024. (*Id.* at 5). Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *See* 42 U.S.C. §§ 405(g), 1383(c); *Kneeland v. Berryhill*, 850 F.3d 749, 755 (5th Cir. 2017).

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "'Substantial gainful activity' is defined as a work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)–(b).

When reviewing disability determinations made by the Commissioner, the court is "limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). If the ALJ fails to apply the proper legal standard, a denial must be remanded and reconsidered. *Moore v. Sullivan*, 895 F.2d 1065, 1070 (5th Cir. 1990). If the ALJ applies the proper standards, however, and relies on any substantial evidence, the decision must be upheld. *Id*.

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion and constitutes more than a mere scintilla but less than a preponderance of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (cleaned up). The reviewing court may not reweigh evidence or substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Id.* at 151. Conflicts

in the evidence are resolved by the Commissioner, not the courts. *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977).

Even a decision unsupported by substantial evidence will not always be vacated or reversed. An error is harmless and will not result in remand "when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). In short, a decision denying Social Security disability benefits is entitled to great deference and will only be overruled if the correct legal standards were not applied, or if the decision turned on a conclusion for which there was no substantial evidence.

### III.   PLAINTIFF'S ALLEGED FIBROMYALGIA

At step two of the five-step sequential evaluation process[2], the ALJ found that Plaintiff did not have fibromyalgia as a medically determinable impairment (or "MDI"). (ECF 8-1 at 22). In making this finding, the ALJ cited Social Security Ruling ("SSR") 12-2p. That Ruling establishes two tests based on criteria published by the American College of Rheumatology (the "ACR") and provides that a person will have an MDI of fibromyalgia if (1) they have an acceptable diagnosis

---

[2] "In evaluating a disability claim, the [ALJ] conducts a five step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the burden of proof in establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ and the Social Security Administration to show that there is other substantial work in the national economy that the plaintiff is capable of performing. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F. 3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)). Before proceeding to steps four and five, the Commissioner must assess a claimant's residual functional capacity ("RFC"). *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

from a licensed physician who conducted a physical exam and reviewed the person's medical history, and (2) if that diagnosis is supported by evidence meeting either of the two ACR tests. (*Id.*); SSR 12-2p, 2012 WL 3104869, 2012 SSR LEXIS 1.

The ALJ's full discussion of Plaintiff's claimed fibromyalgia was contained in a single paragraph that, excluding citations to the record, the Court reproduces here:

> "First, the claimant alleged disability due, in part, to fibromyalgia affecting the upper and lower extremities. However, the claimant did not exhibit any findings of tenderness in any area of the body apart from the lumbar spine in the year leading up to and during the relevant period. The same is true in the several years leading up to that point. Also, there is no indication that other impairments that could cause the claimant's symptoms were excluded because the claimant has not even been diagnosed with fibromyalgia as a diagnosis, even one of exclusion. Therefore, fibromyalgia is not a medically determinable impairment (20 CFR 404.1521 and SSR 12-2p)."

(ECF 8-1 at 22). Plaintiff argues that the ALJ misapplied the criteria established by SSR 12-2p. (ECF 11 at 11-15).[3] The Commissioner disagrees, and more generally argues that Plaintiff does not meet the requirements for a finding of fibromyalgia as an MDI. (ECF 13 at 1-4).

The crucial matter is the difference between the two tests established in SSR 12-2p. They each require a history of widespread pain and evidence that disorders other than fibromyalgia were excluded as potential causes of the claimant's symptoms. SSR 12-2p, 2012 WL 3104869 at *2-3. They differ in that the first test (the "1990 Test," because it is based on criteria published by the ACR in that year) requires that a physician identify at least eleven "tender points" at which a claimant experiences pain in response to the application of light pressure. *Id.* at 3. The second test (the "2010 Test"), by contrast, requires "repeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or

---

[3] Plaintiff's Brief, (ECF 11), includes internal page numbers that begin after a three-page table of contents. As a result, the page numbers applied to Plaintiff's Brief by the Court's Electronic Case Filing system ("ECF") differ from those included internally in the Brief; citations to the Brief by the Court are to the ECF page numbers, rather than to the internal page numbers added to the bottom margin by Plaintiff.

memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome." *Id*.

In the paragraph quoted above, the ALJ clearly applied the 1990 Test and found that Plaintiff did not satisfy it; however, there is no indication the ALJ applied the 2010 Test at all. (*See* ECF 8-1 at 22). The Commissioner argues that the "ALJ specifically cited to SSR 12-2p and considered 12-2p as a whole when evaluating Plaintiff's alleged fibromyalgia." (ECF 13 at 2). The Court does not agree that the mere citation to the SSR is sufficient proof that the ALJ correctly applied each of the two standards SSR 12-2p establishes.

The failure to consider the 2010 Test would not be decisive in this case if, as the ALJ put it, the Plaintiff had "not even been diagnosed with fibromyalgia as a diagnosis, even one of exclusion." (ECF 8-1 at 22). However, as the Plaintiff points out, Plaintiff *was* diagnosed with fibromyalgia by Dr. Silverman. (ECF 8-1 at 735; *see* ECF 11 at 12). The ALJ cited to Dr. Silverman's examination of Plaintiff and subsequent report[4] to support the statements that, "the claimant alleged disability due, in part, to fibromyalgia" and that the only exhibited tenderness was in the area of Plaintiff's lumbar spine. (ECF 8-1 at 22). Importantly, the ALJ did not cite to Dr. Silverman's report when stating that Plaintiff had not been diagnosed with fibromyalgia, nor explain how the diagnosis recorded in the medical report factored into his decision. (*Id.*).

The Commissioner raises several reasons why the ALJ might not have found Dr. Silverman's diagnosis persuasive. (ECF 13 at 2-3). As Plaintiff correctly responds, none of these reasons can be found in the ALJ's decision. (ECF 8-1 at 22; *see* ECF 14 at 2-4). "The Court may not substitute its judgment for the Commissioner's." *Hardman*, 820 F.3d at 151 (cleaned up)

---

[4] Dr. Silverman's report was Exhibit 8F to the ALJ's decision, and is reproduced in the Administrative Record, ECF 8-1 at 732-35.

5

(quoting *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015)). It would clearly be improper for the Court to rule Dr. Silverman's diagnosis so persuasive as to justify overturning the ALJ's whole decision; it is similarly improper to rule the diagnosis conclusively *unpersuasive* when the ALJ did not even address its existence in the record.

Similarly, Plaintiff has identified symptoms, signs, and co-occurring conditions that might suffice for a finding of fibromyalgia as an MDI under the 2010 Test, and the Commissioner has responded that the evidence cited is time-barred or inconsistent. (ECF 11 at 14, 13 at 3-4). The Court is unable to either uphold or overturn the ALJ's decision on the question of whether Plaintiff's fatigue, abdominal pain, headaches, insomnia, anxiety, nausea, frequent urination, and numbness/paresthesia are adequately attested in the record and establish fibromyalgia as an MDI, because the ALJ simply did not address that question. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision."); *see also Thomas v. Colvin*, 826 F.3d 953, 959 (7th Cir. 2016) ("The Commissioner insists that the ALJ's omission of discussion of the 2010 ACR criteria was harmless because [Plaintiff] has not shown that the ALJ overlooked evidence that would have satisfied these criteria. This argument is unconvincing because, without any analysis from the ALJ, there is no basis for drawing any conclusions about what evidence he considered or overlooked.") (cleaned up).

Other than by arguing that Dr. Silverman's diagnosis and Plaintiff's alleged co-occurring conditions are insufficient to establish fibromyalgia as an MDI, the Commissioner has not argued that the failure to apply the 2010 Test was harmless. Plaintiff, by contrast, notes the ALJ did not consider how fibromyalgia might have factored into his considerations if it had been found an MDI. (ECF 11 at 22). Further, the ALJ's decision (as required by the law, *see* 20 C.F.R. 404.1529 *and* SSR 16-3p, 2017 WL 5180304, 2016 SSR LEXIS 4) explicitly weighed Plaintiff's allegations

against the objective medical evidence. (ECF 8-1 at 28-32). This evaluation, which included a finding that Plaintiff's "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by the record as a whole," may have been different if the objective medical evidence had included fibromyalgia as an MDI. (*See* ECF 8-1 at 29).

The undersigned does not and cannot determine whether fibromyalgia is one of Plaintiff's MDIs for the purposes of evaluating disability under the Social Security Act. But the ALJ, in finding that it was not, did not apply the correct legal standard. Thus, this case must be remanded.[5] Further, Plaintiff has successfully established, by pointing to Dr. Silverman's diagnosis and Plaintiff's alleged co-occurring conditions, that it is not "inconceivable that a different administrative conclusion would have been reached" if the ALJ had applied the correct legal standard; thus, the error cannot be overlooked as harmless. *Keel*, 986 F.3d at 556. Because this issue is dispositive, the Court makes no ruling on the parties' other arguments.

## IV.  CONCLUSION

For the reasons stated above, the decision of the Commissioner is VACATED and the case REMANDED pursuant to sentence four of the Social Security Act for further administrative proceedings.

IT IS SO ORDERED.

ENTERED March 27, 2025.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[5] Though the Court is not aware of any other cases in this district addressing the issue that an administrative finding on fibromyalgia failed to utilize both tests under SSR 12-2p, judges in other districts of the Fifth Circuit have made the same decision in similar circumstances. *See, e.g.*, *Moreno v. Comm'r of Soc. Sec. Admin.*, 698 F. Supp. 3d 935 (W.D. Tex. 2023) (magistrate judge's report and recommendation, finding that failure to consider the 2010 Test was harmless error, rejected because district judge found error was harmful), *Jessica M. v. O'Malley*, No. 4:23-cv-3702, 2024 WL 4860806 (S.D. Tex. Nov. 20, 2024), *and Campbell v. Saul*, No. 2:21-cv-10, 2022 WL 17729261 (S.D. Tex. Aug. 10, 2022), *rec. adopted*, 2022 WL 17722666 (S.D. Tex. Aug. 25, 2022). *See also Thomas*, 826 F.3d at 958-60 (7th Circuit Court of Appeals holding that an ALJ's failure to discuss the 2010 Test was reversible error).